# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| PERCY V. COLEMAN | § | Case No. 15-22945 |
| | § | |
| Debtor | § | |

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter 7 of the United States Bankruptcy Code was filed on 07/02/2015. The undersigned trustee was appointed on 07/02/2015.

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of        $     713,772.99

   Funds were disbursed in the following amounts:

   | | |
   |---|---:|
   | Payments made under an interim disbursement | 0.00 |
   | Administrative expenses | 0.00 |
   | Bank service fees | 102.67 |
   | Other payments to creditors | 0.00 |
   | Non-estate funds paid to 3rd Parties | 0.00 |
   | Exemptions paid to the debtor | 0.00 |
   | Other payments to the debtor | 0.00 |
   | Leaving a balance on hand of[1]   $ | 713,670.32 |

The remaining funds are available for distribution.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 1)*

     5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

     6. The deadline for filing non-governmental claims in this case was 04/25/2016 and the deadline for filing governmental claims was 12/29/2015 . All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

     7. The Trustee's proposed distribution is attached as **Exhibit D**.

     8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $ 30,329.75 . To the extent that additional interest is earned before case closing, the maximum compensation may increase.

     The trustee has received $ 0.00 as interim compensation and now requests a sum of $ 30,329.75 , for a total compensation of $ 30,329.75 [2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $ 0.00 , and now requests reimbursement for expenses of $ 0.00 , for total expenses of $ 0.00 [2].

     Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: 08/05/2016       By:/s/N. Neville Reid, Trustee
                                        Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

UST Form 101-7-TFR (5/1/2011) *(Page: 2)*

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Exhibit A

| Case No: | 15-22945 | JSB | Judge: | Janet S. Baer | Trustee Name: | N. Neville Reid, Trustee |
| Case Name: | PERCY V. COLEMAN | | | | Date Filed (f) or Converted (c): | 07/02/2015 (f) |
| | | | | | 341(a) Meeting Date: | 08/13/2015 |
| For Period Ending: | 08/05/2016 | | | | Claims Bar Date: | 04/25/2016 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Est Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. 12840 S. MORGAN CHICAGO, IL 60643 MARKET VALUE FROM ZILLOW.C | 72,734.00 | 0.00 | | 0.00 | FA |
| 2. 13350 S. HALSTED RIVERDALE, IL 60872 VALUE BASED ON COOK COU | 106,871.00 | 0.00 | | 0.00 | FA |
| 3. BANK FINANCIAL CHECKING ACCOUNT | 1,000.00 | 0.00 | | 0.00 | FA |
| 4. BANK FINANCIAL SAVINGS ACCOUNT | 0.00 | 0.00 | | 0.00 | FA |
| 5. MISC. HOUSEHOLD ITEMS 12842 S. MORGAN, CHICAGO IL 60628 | 500.00 | 0.00 | | 0.00 | FA |
| 6. NECESSARY CLOTHING 12842 S. MORGAN, CHICAGO IL 60628 | 800.00 | 0.00 | | 0.00 | FA |
| 7. 2000 357 RUGER REVOLVER HAND GUN 12842 S. MORGAN, CHICAGO IL | 250.00 | 0.00 | | 0.00 | FA |
| 8. 2010 GLOCK G43 PISTOL 12842 S. MORGAN, CHICAGO IL 60628 | 300.00 | 0.00 | | 0.00 | FA |
| 9. IRA ACCOUNT, ALLSTATE LIFE INS CO. | 22,969.27 | 0.00 | | 0.00 | FA |
| 10. Settlement of Percy Coleman (u) | 0.00 | 0.00 | | 713,772.99 | FA |
| INT. Post-Petition Interest Deposits (u) | Unknown | N/A | | 0.00 | Unknown |

Gross Value of Remaining Assets

TOTALS (Excluding Unknown Values)   $205,424.27   $0.00   $713,772.99   $0.00

(Total Dollar Amount in Column 6)

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

Initial Projected Date of Final Report (TFR): 07/30/2016   Current Projected Date of Final Report (TFR): 07/30/2016

UST Form 101-7-TFR (5/1/2011) *(Page: 3)*

**FORM 2**

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Exhibit B

| | |
|---|---|
| Case No: 15-22945 | Trustee Name: N. Neville Reid, Trustee |
| Case Name: PERCY V. COLEMAN | Bank Name: Associated Bank |
| | Account Number/CD#: XXXXXX0828 |
| | Checking |
| Taxpayer ID No: XX-XXX3955 | Blanket Bond (per case limit): $5,000,000.00 |
| For Period Ending: 08/05/2016 | Separate Bond (if applicable): |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 06/28/16 | 10 | Ed Fox & Associates<br>IOLTA Trust Account<br>300 W. Adams St., Ste. 330<br>Chicago, IL 60606-5107 | Settlement of Percy Coleman | 1249-000 | $713,772.99 | | $713,772.99 |
| 07/08/16 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $102.67 | $713,670.32 |

|  |  |  |
|---|---:|---:|
| COLUMN TOTALS | $713,772.99 | $102.67 |
| Less: Bank Transfers/CD's | $0.00 | $0.00 |
| Subtotal | $713,772.99 | $102.67 |
| Less: Payments to Debtors | $0.00 | $0.00 |
| Net | $713,772.99 | $102.67 |

UST Form 101-7-TFR (5/1/2011) *(Page: 4)*    Page Subtotals:    $713,772.99    $102.67

Exhibit B

TOTAL OF ALL ACCOUNTS

|  | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| XXXXXX0828 - Checking | $713,772.99 | $102.67 | $713,670.32 |
|  | $713,772.99 | $102.67 | $713,670.32 |
|  | (Excludes account transfers) | (Excludes payments to debtors) | Total Funds on Hand |

| | |
|---|---|
| Total Allocation Receipts: | $0.00 |
| Total Net Deposits: | $713,772.99 |
| Total Gross Receipts: | $713,772.99 |

Exhibit C
ANALYSIS OF CLAIMS REGISTER

Case Number: 15-22945                                                                                           Date: August 5, 2016
Debtor Name: PERCY V. COLEMAN
Claims Bar Date: 4/25/2016

| Code # | Creditor Name And Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
|---|---|---|---|---|---|---|
| 100 2100 | N. NEVILLE REID<br>200 W. MADISON, SUITE 3000<br>CHICAGO, IL 60606 | Administrative | | $0.00 | $30,329.75 | $30,329.75 |
| 100 2200 | N. NEVILLE REID<br>200 W. MADISON, SUITE 3000<br>CHICAGO, IL 60606 | Administrative | | $0.00 | $0.00 | $0.00 |
| 100 2700 | Clerk of the Bankruptcy Court<br>US Bankruptcy Court, Eastern Division<br>219 S. Dearborn<br>Chicago, IL 60604 | Administrative | Filing Fee re: Motion to Reopen Case | $0.00 | $260.00 | $260.00 |
| 100 3110 | FOX SWIBEL LEVIN & CARROLL LLP<br>200 W. Madison Street, Suite 3000<br>Chicago, Illinois 60606 | Administrative | | $0.00 | $15,349.00 | $15,349.00 |
| 100 3120 | FOX, SWIBEL, LEVIN & CARROLL LLP<br>200 West Madison, Suite 3000<br>Chicago, IL 60606 | Administrative | Firm - Copying costs | $0.00 | $3.60 | $3.60 |
| 1 299 7100 | NAVY FEDERAL CREDIT UNION<br>PO BOX 3000<br>MERRIFIELD, VA 22119-3000 | Unsecured | | $36,813.00 | $38,403.85 | $38,403.85 |
| 2 299 7100 | APEX CAPITAL RESERVE, LP, AS SUCCESSOR IN INTEREST<br>C/O GRIFFIN & GALLAGHER, LLC<br>10001 S. ROBERTS ROAD<br>PALOS HILLS, IL 60465 | Unsecured | | $318,679.00 | $411,621.55 | $411,621.55 |
| 300 7100 | APEX CAPITAL RESERVE, LP, AS SUCCESSOR IN INTEREST<br>C/O GRIFFIN & GALLAGHER, LLC<br>10001 S. ROBERTS ROAD<br>PALOS HILLS, IL 60465 | Unsecured | INTEREST ONLY | $0.00 | $37,045.93 | $37,045.93 |

Exhibit C
ANALYSIS OF CLAIMS REGISTER

Case Number: 15-22945  
Debtor Name: PERCY V. COLEMAN  
Claims Bar Date: 4/25/2016  

Date: August 5, 2016

| Code # | Creditor Name And Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
|---|---|---|---|---|---|---|
| 300<br>7100 | NAVY FEDERAL CREDIT UNION<br>PO BOX 3000<br>MERRIFIELD, VA 22119-3000 | Unsecured | INTEREST ONLY | $0.00 | $6,912.69 | $6,912.69 |
| | Case Totals | | | $355,492.00 | $539,926.37 | $539,926.37 |

Code#: Trustee's Claim Number, Priority Code, Claim Type (UTC)

## TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 15-22945
Case Name: PERCY V. COLEMAN
Trustee Name: N. Neville Reid, Trustee

Balance on hand      $      713,670.32

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: N. NEVILLE REID | $ 30,329.75 | $ 0.00 | $ 30,329.75 |
| Attorney for Trustee Fees: FOX SWIBEL LEVIN & CARROLL LLP | $ 15,349.00 | $ 0.00 | $ 15,349.00 |
| Charges: Clerk of the Bankruptcy Court | $ 260.00 | $ 0.00 | $ 260.00 |
| Other: FOX, SWIBEL, LEVIN & CARROLL LLP | $ 3.60 | $ 0.00 | $ 3.60 |

Total to be paid for chapter 7 administrative expenses    $    45,942.35

Remaining Balance    $    667,727.97

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $ 0.00 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $ 493,984.02 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 100.0 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | NAVY FEDERAL CREDIT UNION | $ 38,403.85 | $ 0.00 | $ 38,403.85 |
| 2 | APEX CAPITAL RESERVE, LP, AS SUCCESSOR IN INTEREST | $ 411,621.55 | $ 0.00 | $ 411,621.55 |
|  | APEX CAPITAL RESERVE, LP, AS SUCCESSOR IN INTEREST (INTEREST PAYMENT ON CLAIM) | $ 37,045.93 | $ 0.00 | $ 37,045.93 |
|  | NAVY FEDERAL CREDIT UNION (INTEREST PAYMENT ON CLAIM) | $ 6,912.69 | $ 0.00 | $ 6,912.69 |

| | |
|---|---|
| Total to be paid to timely general unsecured creditors | $ 493,984.02 |
| Remaining Balance | $ 173,743.95 |

Tardily filed claims of general (unsecured) creditors totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent.

Tardily filed general (unsecured) claims are as follows:

NONE

    Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent.

    Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE

    To the extent funds remain after payment in full to all allowed claims, interest will be paid at the contract rate of interest applicable to a particular creditor's contract with the debtor as provided in *In re Dvorkin,* 547 B.R. 880 (N.D. Ill. 2016). In this case, the agreed contract rate for the creditor Apex Capital Reserve, LP ("Apex"), is 9%, resulting in an interest payment to Apex of $37,045.93 on account of its unsecured claim, and the contract rate for Navy Federal Credit Union ("NFCU") is 18%, resulting in an interest payment of $6912.69 to NFCU , on account of its unsecured claim.

    The amount of surplus returned to the debtor after payment of all claims and interest is $ 173,743.95 .